**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC., <br><br> *Appellant,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Appellees.* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 2026-1893 |

**MOTION TO EXPEDITE APPEAL**

Appellant Collision Communications, Inc., ("Collision") respectfully moves to expedite the above-captioned appeal so that it can be fully briefed and heard as soon as possible. Collision has conferred with Appellees, who have informed Collision that they oppose this motion.

Collision filed this suit alleging that Appellees had infringed Collision's patents and sought damages and permanent injunctive relief to prevent Appellees from continuing to infringe for the remaining terms of the patents at issue. D.Ct.Dkt.1. After a week-long trial, the jury returned a verdict last year finding that Appellees had willfully infringed the relevant patent claims and awarding Collision over $445 million in damages for past infringement. D.Ct.Dkt.331. Collision then moved for a permanent injunction to prevent Appellees from continuing to infringe

1

the only patent at issue whose term had not yet expired.  D.Ct.Dkt.346.  On May 18, 2026, the district court rejected Collision's request for a permanent injunction, despite finding that Collision is suffering irreparable harm by Samsung's ongoing infringement.  D.Ct.Dkt.400.  Collision noted its appeal from the court's denial of its request for permanent injunctive relief on May 27, 2026, well before the deadline to do so, and now submits this motion to expedite the appellate proceedings.

A motion to expedite proceedings "is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions."  Fed. Cir. R. 27 Practice Notes. Here, Collision respectfully submits that expedition is warranted to ensure that this Court can resolve its appeal from the district court's denial of a permanent injunction before the sole remaining patent at issue expires.  Appellees' continued infringement over the course of this nearly-three-year-long dispute has already eviscerated Collision's right to control the use of its patented inventions, and all of the patents but one at issue have now expired.  Unless this Court expedites the appellate proceedings, the sole remaining patent at issue (U.S. Patent No. 7,593,492)—which expires on May 30, 2028—will likewise be at or near the end of its term before this Court can decide whether Collision is entitled to a permanent injunction to prevent Appellees from continuing to infringe.  Expedition is necessary to ensure that this

2

Court will be able to resolve the important issues raised by this appeal before the sole remaining patent at issue approaches expiration.

For the foregoing reasons, Collision respectfully requests that this Court enter an expedited schedule under which Collision's opening brief will be due on July 2, Appellees' response brief will be due 30 days after Collision's opening brief is filed, and Collision's reply brief is due 14 days after Appellees' response brief is filed. Collision further requests that this Court set oral argument for the first available sitting after the briefing is complete, and that the Court expedite its decision.

Finally, Collision recognizes that although the district court has denied Collision's request for a permanent injunction—an order that is immediately appealable under 28 U.S.C. §1292(a)(1), and that is the subject of the present appeal—the district court has not yet resolved the parties' post-trial motions or entered final judgment. If the district court enters final judgment and any party appeals from that judgment by July 2, Collision respectfully submits that the appeals should be consolidated and decided together on an expedited schedule.

For the foregoing reasons, this Court should grant Collision's motion to expedite this appeal.

Respectfully submitted,

AUSTIN CURRY
BRADLEY W. CALDWELL
AISHA M. HALEY
JAMES F. SMITH
HAMAD M. HAMAD
CALDWELL CASSADY & CURRY
P.C.
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201

s/Paul D. Clement
PAUL D. CLEMENT
  *Counsel of Record*
C. HARKER RHODES IV
CAMILO GARCIA
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Appellant*

June 3, 2026

## CERTIFICATE OF INTEREST

Counsel for Appellant Collision Communications, Inc., certifies the following:

1.      The full name of every party represented by us is:

Collision Communications, Inc.

2.      The name of the real party in interest represented by us is:

Collision Communications, Inc.

3.      All parent corporations and any other publicly held companies that own 10 percent or more of the stock of the party represented by me are:

None

4. The names of all law firms and the partners or associates that appeared for Collision Communications, Inc. in trial court or are expected to appear in this court are:

CLEMENT & MURPHY PLLC
    Paul D. Clement
    C. Harker Rhodes IV
    Camilo Garcia

CALDWELL CASSADY & CURRY P.C.
    Austin Curry
    Bradley W. Caldwell
    Jason D. Cassady
    Justin T. Nemunaitis
    Christopher S. Stewart
    Hamad M. Hamad
    Robert Seth Reich Jr.
    John F. Summers

Aisha M. Haley
James F. Smith
James Yang
Alexander J. Gras
Bailey A. Blaies

MILLER FAIR HENRY, PLLC
Andrea Leigh Fair

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal is:

*Collision Communications, Inc. v. Samsung Electronics Co.*, No. 2:23-cv-587 (E.D.Tex.)

Dated: June 3, 2026

s/Paul D. Clement
Paul D. Clement

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 563 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 27(a)(7)-(9)

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

June 3, 2026

s/Paul D. Clement
Paul D. Clement

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement