*In the*

# United States Court of Appeals

*For the*

# Federal Circuit

———— • ————

COLLISION COMMUNICATIONS, INC.,

*Plaintiff-Appellant,*

v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants-Appellees.*

_____

*Appeal from the United States District Court for the Eastern District of Texas
Case No. 2:23-cv-00587-JRG · Honorable J. Rodney Gilstrap*

## OPPOSITION TO MOTION TO EXPEDITE APPEAL

SEAN S. PAK
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
seanpak@quinnemanuel.com

VICTORIA F. MAROULIS
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com

JOHN BASH
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701
(713) 221-7006
johnbash@quinnemanuel.com

KEVIN HARDY
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8240
kevinhardy@quinnemanuel.com

*Attorneys for Defendants-Appellees Samsung Electronics America, Inc.
and Samsung Electronics Co., Ltd.*

*Additional Counsel Listed On Inside Cover*

John Thomas McKee
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
(212) 849-7000
johnmckee@quinnemanuel.com

Arian J. Koochesfahani
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 South Figueroa Street
Los Angeles, CA 90017
(213) 443-3000
ariankoochesfahani@quinnemanuel.com

*Attorneys for Defendants-Appellees Samsung Electronics America, Inc.
and Samsung Electronics Co., Ltd.*

Defendants-Appellees Samsung Electronics Co., Ltd. and Samsung Electronics America Inc. (together, "Samsung") respectfully submit this opposition to the request by Plaintiff-Appellant Collision Communications, Inc. ("Collision") for the Court to expedite its appeal. Although expedition can be appropriate where normal briefing may adversely affect one of the parties, Fed. Cir. R. 27 Practice Notes, this Court will grant such a motion only for "good cause," Fed. R. App. P. 2. There is no good cause here.

**1.** In this patent-infringement action, Collision alleges that since 2015, Samsung has infringed its patents by importing cellular phones and tablets into the United States. D.Ct.Dkt.318 at 729:16-24. Beginning in 2011, the parties conducted negotiations over a potential joint development project that would include a license to Collision's patents, but in 2014, Samsung elected not to proceed. *E.g.*, D.Ct.Dkt.317 at 247:20-248:4, 318:15-25, 361:5-8, 376:12-15. Yet despite the fact that Samsung's cell phones and tablets are widely sold in the United States, Collision did not file an infringement action against Samsung until 2023, when it brought suit in the United States District Court for the Eastern District of Texas.

After filing that action, Collision chose not to seek a preliminary injunction. Nor did it seek to expedite any proceedings or motion practice (with one exception not relevant here, *see* D.Ct.Dkt.281 (Joint Motion To Expedite Briefing On Leave To Supplement Expert Report)).

1

Nearly eight months ago, a jury found the asserted claims of four patents valid and infringed, and the district court (Gilstrap, J.) entered judgment. D.Ct.Dkt.312; D.Ct.Dkt.331. The parties then filed post-judgment motions. D.Ct.Dkts.343-348. Pertinent here, Samsung moved for judgment as a matter of law on both infringement and invalidity or a new trial. D.Ct.Dkts.347-348. Collision sought a permanent injunction with respect to only Patent No. 7,593,492 ("'492 patent"), which expires in 2028, because the other three patents-in-suit had either expired or were approaching their expiration dates. D.Ct.Dkt.346 at 1. Collision did not ask the district court for expedited consideration of any post-judgment motions.

On May 11, 2026, the district court heard oral argument on Collision's motion for a permanent injunction. D.Ct.Dkt.396. One week later, the court denied the motion. D.Ct.Dkt.400. The court rejected Collision's chief argument that permanent injunctions should issue in patent-infringement cases absent countervailing public-interest considerations or meritorious affirmative defenses—an argument in conflict with the Supreme Court's decision in *eBay Inc. v. MercExchange, L.C.C.*, 547 U.S. 388, 391 (2006), and this Court's post-*eBay* caselaw, *see, e.g.*, *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011); *see also VidStream LLC v. Twitter, Inc.*, 2024 WL 4820802, at *1 (Fed. Cir. Nov. 19, 2024) (summarily rejecting similar argument because it "clearly runs afoul of the Supreme Court's decision in *eBay*"). The court further ruled that

Collision had failed to carry its evidentiary burden on the balance of hardships and the public interest. D.Ct.Dkt.400 at 15-16, 18. The court explained that Collision had made "no effort to identify any particular or specific hardship it would face if an injunction were not to issue" and had "made no showing that in this case, on these particular facts," the public interest factor supported an injunction. *Id.* at 14, 18 (emphases omitted).

Samsung's motions for judgment as a matter of law and a new trial remain pending. Collision filed an interlocutory appeal of the court's denial of the permanent injunction.

**2.** Collision now asks this Court to order an expedited briefing schedule in which Collision's brief would be due July 2, Samsung's brief would be due August 3, and Collision's reply brief would be due August 17. Collision's ostensible basis for that request is that the '492 patent expires in May 2028. Mot. at 2. The circumstances here, however, do not establish good cause for Collision's request.

**a.** As an initial matter, the only practical effect of Collision's request would be to reduce Samsung's time to file a response brief from 40 days to 30 days. *Compare* Mot. at 3*, with* Fed. Cir. R. 31(a)(2). Although Collision also seeks to shorten its own deadlines, that does not require a court order. Collision can simply file its own briefs before the deadline set by this Court's rules. *See Medeva Pharma Suisse AG v. Par Pharmaceutical Inc.*, 430 Fed. App'x 878, 880 (Fed. Cir. 2011)

(denying motion to expedite and noting that the movant "may of course significantly self-expedite the case by filing its briefs early"). Likewise, Collision's request for oral argument at the first available sitting requires no action, because that is this Court's usual practice. *See Cephalon Inc. v. Watson Pharmaceuticals Inc.*, No. 2011-1326 (Fed. Cir. May 20, 2011) (denying motion to expedite and noting that "[t]he case will be placed on the next available oral argument calendar after the briefing is completed, which is the usual course, and thus no motion is necessary to obtain that relief"). And Collision's request that the Court issue an expedited decision does not require an expedited briefing schedule.

Accordingly, Collision's motion effectively amounts to a request to shorten Samsung's response time by 25% because the patent at issue will expire in two years. That does not support a finding of good cause. It is unlikely that ten days will make any appreciable difference in when (if ever) Collision can obtain injunctive relief, but cutting Samsung's response time by a quarter would impose a material burden on Samsung. Samsung must brief not only the injunction-specific issues like the *eBay* standard and the balance of the equities, but also any merits issues, such as infringement, that are relevant to the '492 patent, because a decision that the verdict cannot stand would provide an alternative ground to affirm the denial of the injunction. *See Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982, 999 (Fed. Cir. 2018) ("[P]roving success on the merits is a necessary element for a permanent

4

injunction."). As in many patent cases, the merits issues are complex. It would disserve the Court and prejudice Samsung to eliminate a quarter of the time that Samsung would ordinarily have to brief those questions.

**b.** The fact that the district court has yet to rule on Samsung's post-judgment motions makes expedition particularly inefficient here. As Collision seems to acknowledge (Mot. at 3), it would promote judicial efficiency to consolidate this appeal with any appeal from the district court's resolution of the post-judgment motions. For example, were the district court to resolve those motions against Samsung after Collision files its opening brief, Samsung could move to consolidate the appeals and file an initial brief that both responds to Collision's injunction arguments and challenges the district court's orders, with an appropriate extension of time that takes into account when the district court issued the challenged orders. But Collision's request to expedite briefing on the current appeal would make it less likely that consolidation could occur before Samsung's brief would be due, increasing the chance that the Court will be confronted with two sets of partially overlapping briefs.

**c.** Collision's conduct in this litigation undermines its claim that the matter is so urgent that Samsung should be denied a normal response time. Collision brought suit in 2023, many years after Samsung ended the parties' negotiations, based on products that had been widely sold in the United States since 2015. Collision elected

not to seek a preliminary injunction, despite its claim that it is suffering irreparable harm, nor did it take other actions to expedite the case. After the verdict, Collision did not seek to expedite briefing of its motion for a permanent injunction. In these circumstances, there is no sound basis to reduce Samsung's response time to make up for Collision's own failures to seek expedited consideration over several years.

Collision's new sense of urgency is also in tension with its prior positions. After trial, Collision recognized that the most appropriate course would be for the parties to submit "simultaneous briefing on both [Collision's] motions for relief," including the motion for a permanent injunction, "and [Samsung's] motions for JMOL in an efficient way" so that the district court "can take both parties' positions into account in his ultimate judgment." Ex. A at 1. Collision has now changed course, seeking to rush appellate consideration of its request for an injunction before the district court has resolved the other post-trial motions. Such an about-face does not show good cause to reduce Samsung's response time.

For the foregoing reasons, Samsung respectfully requests that the Court deny Collision's motion to expedite this appeal.

DATED: June 5, 2026                             Respectfully submitted,

                                                /s/ *John Bash*
Sean Pak                                        John Bash
QUINN EMANUEL URQUHART &                        QUINN EMANUEL URQUHART &
SULLIVAN, LLP                                   SULLIVAN, LLP
50 California Street, 22nd Floor           300 West 6th St, Suite 2010
San Francisco, CA 94111-4788                    Austin, TX 78701
(415) 875-6600                                  (737) 667-6101
seanpak@quinnemanuel.com                        johnbash@quinnemanuel.com

Victoria Maroulis                               Kevin Hardy
QUINN EMANUEL URQUHART &                        QUINN EMANUEL URQUHART &
SULLIVAN, LLP                                   SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor          555 13th Street NW, Suite 600
Redwood Shores, CA 94065-2139                   Washington, D.C. 20004
(650) 801-5000                                  (202) 538-9000
victoriamaroulis@quinnemanuel.com               kevinhardy@quinnemanuel.com

Arian Koochesfahani                             John McKee
QUINN EMANUEL URQUHART &                        QUINN EMANUEL URQUHART &
SULLIVAN, LLP                                   SULLIVAN, LLP
865 South Figueroa Street                       295 5th Avenue
Los Angeles, CA 90017                           New York, NY 10016
(213) 443-3000                                  (212) 849-7000
ariankoochesfahani@quinnemanuel.com  johnmckee@quinnemanuel.com

                                                *Counsel for Appellees Samsung*
                                                *Electronics Co., Ltd., and Samsung*
                                                *Electronics America, Inc.*

# CERTIFICATE OF INTEREST

| | |
|---|---|
| Case Number | 2026-1893 |
| Short Case Caption | Collision Communications, Inc. v. Samsung Electronics Co., Ltd. |
| Filing Party/Entity | Samsung Electronics Co., Ltd. |

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: June 5, 2026

Signature: /s/ *John Bash*

Name: John Bash

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☒ None/Not Applicable |
| Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc. | | |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP | Brian E Mack<br>David Aaron Nelson | Patrick James Stafford<br>Austin Buscher<br>Olga Slobodyanyuk<br>Nagendra Setty<br>Joseph Reed<br>Brice Lynch<br>Brady Huynh |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Gregory F. Laufer | |
| Gillam & Smith, LLP | Melissa Richards Smith | |

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)　　☒ No　　☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable　　　　　　☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |

**CERTIFICATE OF COMPLIANCE WITH**
**TYPE-VOLUME LIMITATION**

I hereby certify that:

1.  This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1408 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 27(a)(7)-(9).

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

Dated:  June 5, 2026

/s/ *Arian Koochesfahani*
Arian Koochesfahani

*Counsel for Appellees Samsung*
*Electronics Co., Ltd., and Samsung*
*Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  June 5, 2026

/s/ *Arian Koochesfahani*
Arian Koochesfahani

*Counsel for Appellees Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.*

# EXHIBIT A

| | |
|---|---|
| **From:** | Chris Stewart <cstewart@caldwellcc.com> |
| **Sent:** | Tuesday, November 4, 2025 3:29 PM |
| **To:** | John McKee; John F. Summers; collision-samsung@caldwellcc.com; Andrea Fair; Garrett Parish |
| **Cc:** | qe-samsung-collision; Melissa Smith |
| **Subject:** | Re: Collision v. Samsung: Post-Trial Briefing Schedule |

**[EXTERNAL EMAIL from cstewart@caldwellcc.com]**



**This message needs your attention**

• Some Recipients have never replied to this person.

John,

Thanks for the call last week. To close the loop on this, as I said on the call, our main concern is ensuring that the Court gets simultaneous briefing on both our motions for relief and your motions for JMOL in an efficient way and can take both parties' positions into account in his ultimate judgment. Given our apparent agreement that we can accomplish that by simultaneous briefing after the Court enters judgment, and with the expectation that his initial judgment will happen soon enough, we won't move for a briefing schedule for the time being.

Thanks,
Chris

Chris Stewart
Principal | Caldwell Cassady Curry PC
Telephone: 214.888.4846
cstewart@caldwellcc.com
www.caldwellcc.com

**From:** John McKee
**Sent:** Wednesday, October 29, 2025 10:00 AM
**To:** John F. Summers ; collision-samsung@caldwellcc.com ; Andrea Fair ; Garrett Parish
**Cc:** qe-samsung-collision ; Melissa Smith
**Subject:** RE: Collision v. Samsung: Post-Trial Briefing Schedule

**External sender**
Make sure you trust this sender before taking any actions.

Counsel,
Rules 50 and 59 permit a party to seek renewed motions for judgment as a matter of law and motions for new trial so long as the party files its motions no later than 28 days after the entry of judgment. Collision and

Samsung will both have opportunities to submit such post-trial motions up to 28 days after entry of judgment, which has not yet occurred.

While Samsung is open to discussing a modification to the schedule for oppositions and replies to post-verdict motions, Samsung cannot agree to a modification to the deadline for filing those motions imposed by the Federal Rules. *See Paluch v. Sec'y Pa. Dep't Corr.*, 442 F. App'x 690, 692–93 (3d Cir. 2011) (finding that district court's local rule could not impose a 14-day period to file a motion to alter or amend the judgment when Federal Rule of Civil Procedure 59(e) allowed 28 days to file such a motion); *see also Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 981 F.3d 1360, 1384 (Fed. Cir. 2020) ("The courts of appeals have uniformly rejected district court rules setting a time limit inconsistent with the Federal Rules of Civil Procedure."); *Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1008 (11th Cir. 1992) ("District courts are not required to adopt local rules, but they must not circumvent the Federal Rules of Civil Procedure by implementing local rules or 'procedures' which do not afford parties rights that they are accorded under the Federal Rules."). Arbitrarily shortening the deadline to file Rule 50(b) and 59 motions would defeat the purpose of the 28-day deadline. *Lizardo v. United States*, 619 F.3d 273, 279 (3d Cir. 2010) ("[T]he 2009 amendment extending the filing deadline for a Rule 59(e) motion from ten to twenty-eight days was partially motivated by the desire to provide additional time to file the motion while not injecting uncertainty into the appeal timeline by granting the district court discretion to set any deadline for the motion's filing."). Moreover, Collision's proposed schedule would require Samsung to file its motions ***before*** entry of judgment. Samsung cannot request the court reconsider, vacate, or modify a judgment that has not yet been entered.

Further, we oppose Collision's motion for expedited entry of judgment. The Court will enter judgment in due time. This motion would be an inefficient use of the court's and the parties' resources.

We are available at 4pm CT to meet and confer. Please send a dial-in.

**John McKee**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7219 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
johnmckee@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** John F. Summers
**Sent:** Tuesday, October 28, 2025 6:54 PM
**To:** John McKee ; qe-samsung-collision ; Melissa Smith
**Cc:** collision-samsung@caldwellcc.com; Andrea Fair ; Garrett Parish
**Subject:** Re: Collision v. Samsung: Post-Trial Briefing Schedule

**[EXTERNAL EMAIL from jsummers@caldwellcc.com]**

Hi John,

We're aware of the FRCP dates, but courts have discretion to set earlier deadlines, and we are trying to reach an agreement that also sets a schedule on Collision's corresponding motions. Is there a reason Samsung is unwilling to engage in such a discussion?

If Samsung is not willing to engage on a mutual schedule, we intend to move for entry of a briefing schedule that sets a schedule for both Rule 50/59 motions and Collision's corresponding requests for post-verdict relief. We will propose the schedule below, although we have always been willing to engage on the dates if that would result in an agreement.

Please let us know if Samsung opposes and, if so, on what basis. Is there a reason other than that FRCP provides a default deadline of *no later than* 28 days after entry of judgment?

Finally, if Samsung opposes, please let us know when one member from your team is available for a call on or before 5:00 CST tomorrow (10/29) in order to meet and confer consistent with L.R.7(h).

Regards,
John

---

**From:** John McKee <johnmckee@quinnemanuel.com>
**Sent:** Monday, October 27, 2025 12:55 PM
**To:** John F. Summers <jsummers@caldwellcc.com>; qe-samsung-collision <qe-samsung-collision@quinnemanuel.com>; Melissa Smith <melissa@gillamsmithlaw.com>
**Cc:** collision-samsung@caldwellcc.com <collision-samsung@caldwellcc.com>; Andrea Fair <andrea@millerfairhenry.com>; Garrett Parish <garrett@millerfairhenry.com>
**Subject:** RE: Collision v. Samsung: Post-Trial Briefing Schedule

**External sender** <johnmckee@quinnemanuel.com>
Make sure you trust this sender before taking any actions.

Counsel, the Federal Rules dictate the deadlines for post-trial motions under Rules 50 and 59. *See* Fed. R. Civ. P. 50(b) ("No later than 28 days after the entry of judgment…"), 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."). Further, the timing to file responses and any replies is governed by the local rules. *See* L.R. CV-7(e), (f). The Court has not entered judgment and, therefore, these deadlines have not yet begun to run. Samsung does not agree to an earlier briefing schedule.
John
**John McKee**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7219 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
johnmckee@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** John F. Summers <jsummers@caldwellcc.com>
**Sent:** Monday, October 27, 2025 1:07 PM

**To:** qe-samsung-collision <qe-samsung-collision@quinnemanuel.com>; Melissa Smith <melissa@gillamsmithlaw.com>
**Cc:** collision-samsung@caldwellcc.com; Andrea Fair <andrea@millerfairhenry.com>; Garrett Parish <garrett@millerfairhenry.com>
**Subject:** Collision v. Samsung: Post-Trial Briefing Schedule

**[EXTERNAL EMAIL from jsummers@caldwellcc.com]**

Counsel,

I hope everyone is well. We are writing about a post-trial briefing schedule. Collision intends to request various forms of post-verdict relief, while we assume Samsung intends to file motions under Rule 50 and Rule 59. To that end, we propose the following briefing schedule:

| | |
|---|---|
| November 17, 2025 | Collision files motion(s) post-verdict relief, including entry of judgment, as well as any motions under Rule 50 or Rule 59.<br>Samsung files any motions under Rule 50 or Rule 59. |
| December 7, 2025 | Collision responds to Samsung's motion(s); Samsung responds to Collision's motion(s). |
| December 21, 2025 | Collision replies to Samsung's motion(s); Samsung replies to Collision's motion(s). |

Please let us know if that works.

Regards,

John F. Summers /// Caldwell Cassady Curry P.C.
Direct Line: (214) 888-4858
Main Line : (214) 888-4848
jsummers@caldwellcc.com