# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

COLLISION COMMUNICATIONS, INC.,

    *Plaintiff-Appellant,*

    v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,

    *Defendants-Appellees.*

No. 2026-1893

## REPLY IN SUPPORT OF MOTION TO EXPEDITE APPEAL

This Court should expedite this appeal from the district court's denial of a permanent injunction and decide it before the patent at issue expires. Appellees give no good reason for denying that modest and plainly justified request.

Appellees' only real complaint regarding Collision's proposed expedited schedule is that in addition to reducing Collision's own time to prepare its opening brief from 60 to 30 days and its time to file its reply brief from 21 to 14 days, the proposed expedited schedule would reduce Appellees' time to prepare their response brief from 40 to 30 days. Opp.3-5. Given the far more substantial reduction that Collision is proposing to its own time, as well as Appellees' capable counsel and the substantial prior briefing on the relevant issues below, it is hard to see how Appellees would be meaningfully prejudiced by the proposed schedule, which affords

1

Appellees the same 30 days for their response brief that the Federal Rules of Appellate Procedure set as a default, *see* Fed. R. App. P. 31(a)(1). And any minor inconvenience to Appellees is plainly outweighed by the potential harm to Collision, which has a remaining term on only one of the patents that Appellees have infringed for years. *See* Mot.2.[1]

Appellees also suggest that Collision can just unilaterally expedite its appeal by filing its own briefs ahead of schedule. *See* Opp.3-4. But there is only so much Collision can do unilaterally, and reduced briefing time alone will not cure the potential harm. As of fiscal year 2024, the median time in this Court from docketing to disposition for an appeal from a district court was 19 months. *See* U.S. Ct. of Appeals for the Fed. Cir., *Median Time to Disposition in Cases Terminated After Hearing or Submission*, available at https://perma.cc/YW5Z-E7JH (last accessed June 9, 2026). As a result, if this Court were to proceed on a default schedule here, Collision might ultimately obtain only a few months of injunctive relief if it prevails on appeal—in a case where the district court has already found that the first two

---

[1] If this Court is nevertheless unwilling to reduce Appellees' time to file their response brief, Collision would have no objection to an expedited schedule under which Collision's opening brief would be due by July 2, Appellees' response brief would be due 40 days after Collision files its opening brief, and Collision's reply brief would be due 14 days after Appellees file their response brief. That would appear to resolve Appellees' only practical objection to the proposed expedited schedule. *See* Opp.3-5.

traditional factors favor a permanent injunction. *See* D.Ct.Dkt.400 at 8-12. That reality warrants an expedited schedule for briefing, argument, and decision. *See* Fed. Cir. R. 27 Practice Notes (recognizing that a motion to expedite "is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions").

Appellees additionally accuse Collision of failing to expedite their prior efforts in this case. Opp.5-6. But Appellees fail to mention that they themselves led Collision on in business negotiations while actively concealing their infringement and calculating that Collision was unlikely to bring legal action. D.Ct.Dkt.351 at 14-15. Evidence of Appellees' misconduct and their concealment of their infringement was presented at trial, which led the jury to find that Appellees had willfully infringed. And after Collision learned of the infringement, Collision promptly worked to bring this suit and ultimately obtained a jury verdict in its favor less than two years after filing its district court complaint. That is hardly the unwarranted delay that Appellees suggest. *Contra* Opp.5-6.

Finally, Appellees contend that an expedited schedule would be inefficient here because the district court has not yet ruled on post-judgment motions. Opp.5. But if the district court rules on those motions in the near future, it will be relatively simple to consolidate any appeal from that order and the final judgment with this pending appeal—and if the district court does not rule on those motions in the near

future, it would only underscore the need for this appeal to proceed promptly now so that this Court can review the district court's denial of a permanent injunction before the patent at issue expires. *See* Mot.2-3. Either way, expedition is warranted.

For the foregoing reasons, and those explained in Collision's motion, this Court should grant the motion to expedite this appeal.

Respectfully submitted,

s/Paul D. Clement

AUSTIN CURRY
BRADLEY W. CALDWELL
AISHA M. HALEY
JAMES F. SMITH
HAMAD M. HAMAD
CALDWELL CASSADY & CURRY
P.C.
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201

PAUL D. CLEMENT
  *Counsel of Record*
C. HARKER RHODES IV
CAMILO GARCIA
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Plaintiff-Appellant*

June 9, 2026

4

**CERTIFICATE OF COMPLIANCE**
**WITH TYPE-VOLUME LIMITATION**

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 736 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 27(a)(7)-(9)

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

June 9, 2026

s/Paul D. Clement
Paul D. Clement

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement