**No. 26-1893**

# In the United States Court of Appeals For the Federal Circuit

**COLLISION COMMUNICATIONS, INC.,**
*Plaintiff-Appellant*,

**v.**

**SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.,**
*Defendants-Appellees.*

On Appeal from the U.S. District Court for the Eastern District of Texas
No. 2:23-cv-587-JRG

## BRIEF OF *AMICI CURIAE* PATENT LAW EXPERTS IN SUPPORT OF PLAINTIFF-APPELLANT

Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
Suite 900
Washington, DC 20006
(202) 955-0620
lruppalt@boydengray.com

*Counsel for Amici Curiae*

Dated: August 10, 2026

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for *Amici* certifies that:

1. The full names of the parties that I represent are listed in the Appendix of *Amici*, *infra*.
2. There are no other real parties in interest.
3. There are no parent corporations or publicly held companies that own ten percent or more of the stock of the parties that I represent.
4. No other law firms, partners, or associates who have not entered an appearance in this appeal either appeared for the parties that I represent in the originating court or are expected to so appear in this Court.
5. Other than the originating case, *Collision Communications, Inc. v. Samsung Electronics Co.*, No. 2:23-cv-587 (E.D. Tex.), counsel is not aware of any related or prior case that meets the criteria of Federal Circuit Rule 47.5(a).
6. This appeal does not involve an organizational victim in a criminal case or a debtor or trustee in a bankruptcy case.

Dated: August 10, 2026

*/s/ Laura B. Ruppalt*
Laura B. Ruppalt

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST .......... ii

TABLE OF AUTHORITIES .......... iv

INTEREST OF *AMICI CURIAE* .......... 1

SUMMARY OF ARGUMENT .......... 1

ARGUMENT .......... 3

I. HISTORY OF INJUNCTIVE RELIEF: TRADITIONAL EQUITY RELIED ON REBUTTABLE PRESUMPTIONS .......... 3

A. Historical Equity Used Rebuttable Presumptions .......... 3

B. Rebuttable Presumptions Preserve Judicial Discretion .......... 5

II. REBUTTABLE PRESUMPTIONS ARE NOT CATEGORICAL RULES .......... 6

A. *eBay* Rejected Categorical Rules .......... 7

B. Rebuttable Presumptions Perform a Different Function Than Categorical Rules .......... 8

C. Chief Justice Roberts's Concurrence Confirms That Historical Equitable Practice Remains Relevant .......... 9

III. THE DISTRICT COURT CORRECTLY REJECTED CATEGORICAL RULES BUT MISTAKENLY CONFLATED REBUTTABLE PRESUMPTIONS WITH CATEGORICAL RULES .......... 10

CONCLUSION .......... 12

APPENDIX OF *AMICI* .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Collision Commc'ns, Inc. v. Samsung Elecs. Co.*,
No. 2:23-cv-587, 2026 WL 1391885
(E.D. Tex. May 18, 2026)....1, 10, 11

*Cook v. Ernest*,
6 F. Cas. 385 (C.C.D. La. 1872) (No. 3,155) ....4

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)....3, 6, 7, 8, 9, 10, 11

*Hoffheins v. Brandt*,
12 F. Cas. 290 (C.C.D. Md. 1867) (No. 6,575)....4

*Jenkins v. Greenwald*,
13 F. Cas. 519 (C.C.S.D. Ohio 1857) (No. 7,270) ....4

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
659 F.3d 1142 (Fed. Cir. 2011) ....11

*VidStream LLC v. Twitter, Inc.*,
No. 2024-2265, 2024 WL 4820802 (Fed. Cir. Nov. 19, 2024)....11

## Statutes

35 U.S.C. § 154(a)(1)....4

## Other Authorities

Adam Mossoff, *Injunctions for Patent Infringement: Historical Equity Practice Between 1790–1882*, 38 HARV. J.L. & TECH. 923 (2024)....3, 4, 5, 11

Mark P. Gergen, John M. Golden & Henry E. Smith, *The Supreme Court's Accidental Revolution? The Test for Permanent Injunctions*, 112 COLUM. L. REV. 203 (2012)....3, 4, 5, 8

## INTEREST OF *AMICI CURIAE*

*Amici curiae* are law professors, scholars, and a former chief judge of this Court who have expertise in patent law. They have an interest in preserving the integrity of the patent system and specifically in the appropriate application of traditional equitable principles in awarding injunctive relief for patent infringement. *Amici* have no stake in the parties or in the outcome of this case. A full list of signatories to this brief is set forth in the Appendix of *Amici*.[1]

## SUMMARY OF ARGUMENT

This appeal presents a narrow but important question about the relationship between the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), and the historical law of equity.

The district court appropriately recognized that *eBay* prohibits both categorical grants and denials of permanent injunctions. *See Collision Commc'ns, Inc. v. Samsung Elecs. Co.*, No. 2:23-cv-587, 2026 WL 1391885 (E.D. Tex. May 18, 2026); Appx25-42. But it went one step further. It treated historically grounded rebuttable presumptions as though they were themselves impermissible categorical rules. That conclusion does not follow from *eBay* and is inconsistent with the

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), *Amici* state that no counsel for a party authored this brief in whole or in part, and that no person other than *Amici* or their counsel contributed money that was intended to fund preparing or submitting the brief.

equitable tradition *eBay* instructed courts to preserve.

Traditional equity did not approach injunctions through ungrounded balancing. It employed settled rebuttable presumptions developed through centuries of experience, while preserving discretion to depart from those presumptions as facts warranted. Patent cases were no exception. Courts overwhelmingly granted injunctions after establishing the continuing infringement of a valid patent—not because relief was automatic, but because longstanding equitable principles recognized that ongoing invasions of exclusive property rights ordinarily caused injuries that legal remedies could not fully repair.

Nothing in *eBay* repudiates that historical framework. The Supreme Court rejected automatic rules that dictated outcomes without regard to the facts of the individual case. A rebuttable presumption does something entirely different. It allocates the burden of going forward, reflects ordinary experience, and disappears when contrary evidence demonstrates that the usual result should not follow. Individualized judicial discretion remains intact.

This appeal presents an opportunity for the Court to clarify that *eBay* simply rejected categorical rules; it did not reject historically grounded rebuttable presumptions that assist the courts in exercising equitable discretion.

# ARGUMENT

## I. HISTORY OF INJUNCTIVE RELIEF: TRADITIONAL EQUITY RELIED ON REBUTTABLE PRESUMPTIONS

For centuries, courts overwhelmingly granted injunctive relief upon a finding of infringement of a valid patent. *See eBay*, 547 U.S. at 395 (Roberts, C.J., concurring); Adam Mossoff, *Injunctions for Patent Infringement: Historical Equity Practice Between 1790–1882*, 38 HARV. J.L. & TECH. 923, 933–37, tbl. 3 (2024) (reviewing 899 published court opinions from 1790–1882 and finding 91.2% of patent owners received requested permanent injunctive relief upon a determination of infringement of a valid patent). In doing so, they did not apply the four-factor test for injunctions, but rather followed the same doctrinal framework they used for other violations of property rights. *See* Mossoff, *supra*, at 940–41, 948. This framework asked first whether the plaintiff had succeeded in proving continuing or willful infringement of a valid patent. *See id.* If so, the plaintiff had established a presumptive right to an injunction, which the defendant could then attempt to rebut by pleading equitable defenses. *See id.*

### A. Historical Equity Used Rebuttable Presumptions

This historical pattern is best understood through the concept of rebuttable presumptions. Equity routinely began with presumptions grounded in the nature of the rights being protected. *See, e.g.*, Mark P. Gergen, John M. Golden & Henry E. Smith, *The Supreme Court's Accidental Revolution? The Test for Permanent*

*Injunctions*, 112 COLUM. L. REV. 203, 223–25 (2012). For example, in real property, the continued, non-consensual use of land by another, even where harmless, supported a presumption of irreparable harm. *See id.* at 224. In other contexts, a presumption of irreparable harm adhered when damages would be difficult to quantify, such as for a breach of a covenant not to compete. *See id.*

Not only have courts of equity historically used presumptions as starting points in deciding remedies, but these courts also viewed patents similar to property and applied the same presumptions. *See, e.g.*, *Cook v. Ernest*, 6 F. Cas. 385, 391 (C.C.D. La. 1872) (No. 3,155) ("If the rights of property so invaded were rights to land or other tangible estate, no court would hesitate for a moment to restrain the wrong-doer by injunction. The property in a patent is just as much under the protection of the law as property in land."). Moreover, because a patent confers the right to exclude, 35 U.S.C. § 154(a)(1), continuing infringement gives rise to damages not easily measured or fully compensated. Historical courts therefore generally presumed that equitable relief was appropriate after liability had been established while leaving defendants free to demonstrate why relief should nevertheless be denied under the circumstances of the particular case. *See, e.g.*, *Cook*, 6 F. Cas. at 391; *Jenkins v. Greenwald*, 13 F. Cas. 519, 521 (C.C.S.D. Ohio 1857) (No. 7,270); *Hoffheins v. Brandt*, 12 F. Cas. 290, 292–98 (C.C.D. Md. 1867) (No. 6,575); *see also* Mossoff, *supra*, at 948 & nn.82–84 (collecting cases).

The historic approach neither compelled nor prohibited injunctions. Rather, it reflected the ordinary allocation of burdens in equity. The plaintiff benefited from the historical presumption arising from the nature of the right; the defendant remained free to rebut that presumption through recognized equitable defenses and other case-specific considerations.

### B. Rebuttable Presumptions Preserve Judicial Discretion

The existence of a rebuttable presumption does not diminish equitable discretion. A presumption establishes only the starting point for judicial analysis. It does not dictate the ending point. *See, e.g.*, Gergen, Golden & Smith, *supra*, at 242. Once contrary evidence is introduced, the court remains responsible for weighing the circumstances and determining whether the historical expectation should yield. *See id.* A rebuttable presumption is not a rule compelling a result. Rather, it reflects the accumulated judgment of equity regarding the ordinary consequences of established facts while leaving the court free to conclude that the ordinary result is inappropriate in any particular case.

Importantly historic courts did not treat injunctions as automatic. The historical rate of injunctions—approximately ninety percent rather than one hundred percent, *see* Mossoff, *supra*, at 933–37, tbl. 3—is itself powerful evidence that equity operated through presumptive principles rather than categorical commands. Courts generally expected injunctive relief to follow infringement, but they retained

authority to deny relief where traditional equitable considerations justified a different result.

This discretion is significant because it mirrors the principle reflected in *eBay* itself. The Supreme Court rejected categorical rules precisely because they displaced individualized equitable judgment. *See eBay*, 547 U.S. at 394 ("We hold only that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards."). Historical rebuttable presumptions do not remove that judgment. They simply recognize that centuries of equitable experience provide a meaningful starting point for judicial decision making.

## II. REBUTTABLE PRESUMPTIONS ARE NOT CATEGORICAL RULES

The district court's analysis in this case is based on a misunderstanding that because *eBay* rejected categorical rules governing permanent injunctions, courts may no longer recognize any presumption that favors injunctive relief. This conflates two distinct legal concepts.

A categorical rule dictates an outcome regardless of the facts of the individual case. If the court finds X, then Y is the result, without exception or argument. In *eBay*, the district court determined that if the patent owner was willing to license its patents and was not itself practicing the patent, then the result was to deny a request

for permanent injunction. *See eBay*, 547 U.S. at 393. This is an example of a categorical rule.

A rebuttable presumption does not impose the same type of inexorable command. It merely establishes a starting point, allocates burdens, and leaves the court free to reach a different result whenever the facts of the case warrant. Once that distinction is recognized, the perceived tension between historical equity and *eBay* disappears.

### A. *eBay* Rejected Categorical Rules

The Supreme Court's decision in *eBay* addressed a narrow question: whether patent cases should be governed by categorical rules that grant or forbid permanent injunctions. The Court answered that question in the negative. It rejected both the Federal Circuit's general rule favoring injunctions and the district court's categorical reluctance to grant injunctions to certain classes of patentees. *See eBay*, 547 U.S. at 393–94. The Court instead reaffirmed that requests for equitable relief must be evaluated according to traditional principles of equity. *See id.* at 394.

That holding is both important and limited. The Court did not announce that every injunction analysis must begin from a position of complete neutrality, divorced from historical equitable practice. Nor did it suggest that centuries of equitable doctrine were to be discarded in favor of wholly ad hoc balancing. To the contrary, the Court repeatedly emphasized that courts should apply the principles "historically

employed by courts of equity." *See id.* at 390. The historical reference is central. It invites courts to consult equitable tradition rather than abandon it.

### B. Rebuttable Presumptions Perform a Different Function Than Categorical Rules

A rebuttable presumption performs a fundamentally different function than a categorical rule; it does not dictate the outcome. It reflects accumulated judicial experience concerning the ordinary consequences of certain facts. It allocates the burden of going forward to the opposing party, but it leaves the ultimate decision where it has always rested—with the court. Once contrary evidence is introduced, the court remains free to conclude that the ordinary result should not follow. *See* Gergen, Golden & Smith, *supra*, at 212.

Courts employ rebuttable presumptions throughout the law because they promote consistency and efficiency without sacrificing flexibility. They recognize that similar cases ordinarily produce similar outcomes while preserving judicial authority to account for exceptional circumstances. That is precisely the opposite of a categorical rule.

Traditional equity illustrates this distinction. Equity frequently recognized presumptions arising from the nature of the right asserted, the continuing character of the injury, or longstanding experience with recurring factual settings. Those presumptions did not compel relief. They instead reflected the practical judgment that certain injuries ordinarily warranted equitable intervention unless persuasive

reasons counseled otherwise. Patent infringement comfortably fits within that tradition because continuing violations of the right to exclude ordinarily threaten injuries not fully remedied through serial damages awards.

### C. Chief Justice Roberts's Concurrence Confirms That Historical Equitable Practice Remains Relevant

Chief Justice Roberts's concurrence in *eBay* underscores this understanding. The Chief Justice explains that equitable discretion develops through repeated judicial experience rather than by treating every case as unprecedented. *See eBay*, 547 U.S. at 394–95 (Roberts, C.J., concurring) ("[T]here is a difference between exercising equitable discretion pursuant to the established four-factor test and writing on an entirely clean slate."). Historically grounded presumptions are precisely the sort of accumulated equitable practice that the Chief Justice described. That observation is particularly important here. A historically grounded rebuttable presumption does not conflict with *eBay*'s insistence on individualized adjudication. Instead, it provides the historically informed starting point from which individualized adjudication proceeds, including within the context of the traditional four-factor test.

Justice Kennedy's concurrence similarly begins from a position of historical assumptions. *See eBay*, 547 U.S. at 396 (Kennedy, J., concurring) ("The lesson of the historical practice, therefore, is most helpful and instructive when the circumstances of a case bear substantial parallels to litigation the courts have

confronted before.”). Justice Kennedy goes on to identify circumstances in which traditional assumptions may not reflect modern markets, *see id.* at 396–97, but that very line of reasoning presupposes the existence and application of historical assumptions in the first place. It does not deny that such assumptions exist or prohibit courts from considering them.

Properly understood, *eBay* and historical equity are complementary rather than contradictory. Both reject mechanical decision making. Both preserve judicial discretion. Historically grounded rebuttable presumptions thus can, and should, serve as a useful starting point for the four-factor test.

## III. The District Court Correctly Rejected Categorical Rules But Mistakenly Conflated Rebuttable Presumptions with Categorical Rules

The district court in this case properly recognized that *eBay* rejected categorical rules. Its opinion repeatedly acknowledges that patent cases, like all requests for equitable relief, require individualized consideration. *See, e.g.*, *Collision Commc'ns*, 2026 WL 1391885, at *7; Appx38-39 (“[T]he Court declines Collision's invitation to adopt another categorical rule … which would essentially remove this factor from the Court's consideration.”). To that extent, the district court faithfully applied *eBay*.

Having correctly rejected categorical rules, the court mistakenly assumed that any historically grounded presumption favoring injunctive relief necessarily

constituted an impermissible shortcut. *See, e.g.*, *id.* at *3; Appx29-30 (following a sentence regarding *eBay*'s prohibition on categorical rules with an explanation based on presumptions). That conclusion conflates two distinct legal concepts. *eBay* rejected rules of decision that predetermined outcomes. It did not reject evidentiary or equitable presumptions that merely provide a historically informed starting point while preserving judicial discretion.[2] The appropriate starting point here, where the jury found that the Defendants willfully infringed the Plaintiff's valid patents, *id.* at *1; Appx25, is a rebuttable presumption favoring an injunction. *See* Mossoff, *supra*, at 948.

[2] To the extent that *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 (Fed. Cir. 2011), has been understood to foreclose the use of rebuttable presumptions in cases like this one, it should be clarified or overruled. *See Collision Commc'ns*, 2026 WL 1391885, at *3; Appx30 (quoting *Robert Bosch*'s observation that "*eBay* jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief," 659 F.3d at 1149). *eBay* rejected only "categorical" rules. 547 U.S. at 393–94; *accord VidStream LLC v. Twitter, Inc.*, No. 2024-2265, 2024 WL 4820802, at *1 (Fed. Cir. Nov. 19, 2024) (*eBay* foreclosed plaintiff's "'categorical'" "argument that 'the district court here *simply had no discretion* to require additional harm beyond ongoing infringement'" (emphasis added)). *Robert Bosch* elsewhere recognizes that "[t]he abolition of categorical rules … do[es] not mandate that district courts must act on a clean slate." 659 F.3d at 1149. Although cautioning against a "general rule or an effectively irrebuttable presumption," *Robert Bosch* affirmed that "[i]n this area, as others, 'a page of history is worth a volume of logic' when 'it comes to discerning and applying … standards.'" *Id.* at 1149–50 (quoting *eBay*, 547 U.S. at 395 (Roberts, C.J., concurring)). Rebuttable presumptions are an essential part of that history.

## CONCLUSION

This Court should make clear that historical equitable presumptions remain fully consistent with *eBay* so long as they remain rebuttable and preserve individualized judicial discretion. Traditional equity relied upon presumptions that allocated burdens while preserving individualized judicial discretion, and nothing in *eBay* requires abandoning that historical framework. Because the district court treated rebuttable presumptions as though they were themselves impermissible categorical rules, when resolving the appeal this Court should clarify that *eBay*'s rejection of automatic rules does not displace the use of rebuttable presumptions.

Dated: August 10, 2026

Respectfully submitted,

*/s/ Laura B. Ruppalt*
Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
Suite 900
Washington, DC 20006
(202) 955-0620

*Counsel for Amici Curiae*

## APPENDIX OF *AMICI*

### *Full List of Amici Curiae**

The Honorable Paul Michel
*Chief Judge (Retired)*
United States Court of Appeals for the Federal Circuit

Michael Doane
*Assistant Professor of Law*
The University of Akron School of Law

Justin (Gus) Hurwitz
*Senior Fellow & Academic Director, Center for Technology, Innovation, and Competition*
University of Pennsylvania Carey Law School

Joshua Kresh
*Research Professor & Executive Director, IPPI: The IP Policy Institute*
The University of Akron School of Law

Geoffrey A. Manne
*President and Founder*
International Center for Law & Economics

Emily Michiko Morris
*David L. Brennan Endowed Chair and Associate Professor*
The University of Akron School of Law

Lateef Mtima
*Professor of Law*
Howard University School of Law

* Institutions of signatories are for identification purposes only. The undersigned do not purport to speak for their institutions, and the views of *Amici* should not be attributed to these institutions.

Kristen Jakobsen Osenga
*Julie & John Nowak Faculty Scholar & Professor of Law*
University of Richmond School of Law

Mark F. Schultz
*Goodyear Tire & Rubber Company Chair in Intellectual Property Law & Director, Intellectual Property and Technology Law Program*
The University of Akron School of Law

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Federal Circuit Rules 29(b) and 32(b), and Federal Rule of Appellate Procedure 29(a)(5) because it contains 2,544 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman and 14-point font.

Dated: August 10, 2026

*/s/ Laura B. Ruppalt*
Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
Suite 900
Washington, DC 20006
(202) 955-0620

*Counsel for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

Dated: August 10, 2026

*/s/ Laura B. Ruppalt*

Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
Suite 900
Washington, DC 20006
(202) 955-0620